**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ELAINE WANG, | : |
| | : |
| Plaintiff, | : Case No. 1:21-cv-8693 |
| | : |
| v. | : |
| | : **COMPLAINT FOR VIOLATIONS OF** |
| FLEXION THERAPEUTICS, INC., | : **SECTIONS 14(e), 14(d) AND 20(a) OF** |
| PATRICK J. MAHAFFY, MICHAEL D. | : **THE SECURITIES EXCHANGE ACT** |
| CLAYMAN, M.D., SCOTT A. CANUTE, | : **OF 1934** |
| SAMUEL D. COLELLA, UTPAL | : |
| KOPPIKAR, ELIZABETH KWO, M.D., | : **JURY TRIAL DEMANDED** |
| HEATH LUKATCH, PH.D., ANN | : |
| MERRIFIELD, ALAN W. MILINAZZO, and | : |
| MARK STEJBACH, | : |
| | : |
| Defendants. | |

---

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.      This is an action brought by Plaintiff against Flexion Therapeutics, Inc. ("Flexion or the "Company") and the members Flexion board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Flexion by Pacira BioSciences, Inc. and affiliates ("Pacira").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on October 22, 2021 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Oyster Acquisition Company Inc., a wholly owned subsidiary of Pacira, will merge with and into Flexion, with Flexion continuing as the surviving corporation and as a wholly owned subsidiary of Pacira (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated October 11, 2021 (the "Merger Agreement"), each Flexion common share issued and outstanding will be converted into the right to receive (i) $8.50 per Share, net to the seller in cash, without interest (the "Cash Amount"), plus (ii) one (1) contingent value right per Share (a "CVR" and the Cash Amount plus one (1) CVR collectively, the "Offer Price") (the "Merger Consideration"). Each CVR represents the right to receive one or more contingent payments of up to $8.00 per share in the aggregate, in cash, net of applicable withholding taxes and without interest, upon the achievement of specific milestones (the "CVR Agreement"). In accordance with the Merger Agreement, Merger Sub commenced a tender offer to acquire all of Flexion's outstanding common stock and will expire on November 18, 2021 (the "Tender Offer").

3.      Defendants have now asked Flexion's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Flexion's financial projections relied upon by the Company's financial advisor, Lazard Frères and Co. LLC ("Lazard") in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Lazard. The failure to adequately disclose such material information

constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Flexion stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4.      It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Flexion's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Flexion is traded on the NASDAQ Stock Exchange, headquartered in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Flexion common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Patrick J. Mahaffy has served as a member of the Board since 2009 and is the Chairman of the Board.

11. Individual Defendant Michael D. Clayman, M.D. co-founded the Company and has been Flexion's director and Chief Executive Officer since 2007.

12. Individual Defendant Scott A. Canute has served as a member of the Board since 2015.

13. Individual Defendant Samuel D. Colella has served as a member of the Board and since 2021.

14. Individual Defendant Utpal Koppikar has been a member of the Board since April 2018.

15. Individual Defendant Elizabeth Kwo, M.D. has served as a member of the Board since 2020.

16. Individual Defendant Heath Lukatch, Ph.D. has served as member of the Board since 2012.

17. Individual Defendant Ann Merrifield has served as member of the Board since 2014.

18. Individual Defendant Alan W. Milinazzo has served as member of the Board since 2011.

19. Individual Defendant Mark Stejbach has served as member of the Board since 2016.

4

20. Defendant Flexion is incorporated in Delaware and maintains its principal offices at 10 Mall Road, Suite 301, Burlington, MA 01803. The Company's common stock trades on the NASDAQ Stock Exchange under the symbol "FLXN."

21. The defendants identified in paragraphs 10-19 are collectively referred to as the "Individual Defendants" or the "Board."

22. The defendants identified in paragraphs 10-20 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**A.    The Proposed Transaction**

23. Flexion, a biopharmaceutical company, focuses on the discovery, development, and commercialization of therapies for the treatment of patients with musculoskeletal conditions in the United States. The Company offers ZILRETTA, an intra-articular injection for the management of osteoarthritis (OA) knee pain. It is also involved in the development of FX201, a gene therapy product candidate designed to provide on demand production of an anti-inflammatory protein, interleukin-1 receptor antagonist for pain relief from OA of the knee; and FX301, a NaV1.7 inhibitor for the management of post-operative pain. The company was founded in 2007 and is headquartered in Burlington, Massachusetts.

24. On October 21, 2021, Pacira and the Company announced the Proposed Transaction:

> TAMPA, Fla. and BURLINGTON, Mass., Oct. 11, 2021 (GLOBE NEWSWIRE) -- Pacira BioSciences, Inc. (Nasdaq: PCRX), the industry leader in its commitment to non-opioid pain management and regenerative health solutions, and Flexion Therapeutics, Inc. (Nasdaq: FLXN) today announced a definitive agreement pursuant to which Pacira will acquire Flexion for $8.50 per share in cash, plus one non-tradeable contingent value right (CVR) worth up to $8.00 per share in cash. The CVR is payable (subject to certain terms and conditions) in the event certain sales and/or regulatory milestones

are achieved, as set forth in more detail below. The transaction was unanimously approved by the board of directors of each of Pacira and Flexion.

Flexion is a commercial-stage biopharmaceutical company focused on the development and commercialization of novel, local non-opioid therapies for the treatment of patients with musculoskeletal conditions, including osteoarthritis (OA), postsurgical pain and low back pain. Approved in 2017, Flexion's lead product, ZILRETTA® (triamcinolone acetonide extended-release injectable suspension) is the first and only FDA-approved treatment for OA knee pain utilizing extended-release microsphere technology.

"This acquisition is a major milestone in our strategy to build a robust offering of novel, non-opioid treatments to improve patient care along the neural pain pathway while simultaneously providing us with a complementary commercial asset in ZILRETTA for the treatment of OA knee pain," said Dave Stack, chairman and chief executive officer of Pacira. "We believe the Flexion portfolio further solidifies Pacira as a leader in opioid-sparing pain management as we continue to redefine the role of opioids as a last resort rescue medication. Importantly, this acquisition creates diversification and growth to our topline while providing what we would expect to be meaningful synergies that should result in substantial near- and long-term accretion to our cash flows and earnings."

"Pacira shares our commitment to advancing non-opioid pain control and we believe it is ideally positioned to drive continued clinical and commercial success of ZILRETTA, FX201, and FX301," said Michael Clayman, M.D., chief executive officer and co-founder of Flexion. "This combination with Pacira offers Flexion stakeholders excellent prospects for value creation, particularly as the contingent value rights provide the opportunity to continue to benefit from the ongoing success of Flexion's products and programs."

"I'd like to thank all of our employees – past and present -- for their extraordinary commitment and superb contributions that have translated into ZILRETTA, a medicine that matters, getting to increasing numbers of patients in need and to a pipeline of potentially transformative medicines," continued Dr. Clayman.

**Pacira Transaction Rationale**

- Innovative non-opioid portfolio directly aligns with the Pacira mission to provide an opioid alternative to as many patients as possible and address medical needs along the neural pain pathway.
- Flexion's ZILRETTA is a non-opioid injection that will allow Pacira to offer a treatment to manage OA pain of the knee at an earlier stage of the patient's journey along the neural pain pathway
- Complementary sales call points and clinical-stage pipeline offer significant cost synergies across research and development and commercial activities.
- Adds multiple clinical milestones, including the initiation of a Phase 3 registration trial of ZILRETTA in shoulder osteoarthritis and the advancement of Phase 1 studies of FX201 for musculoskeletal pain, including OA, and FX301 as a lower extremity nerve block for postsurgical pain.
- Immediately revenue generating and expected to be accretive to full-year 2022 earnings and significantly accretive thereafter.

**Transaction Details**

Under the terms of the definitive agreement, Pacira will commence a tender offer to acquire all outstanding shares of Flexion for a purchase price of $8.50 per share in cash, plus one non-tradeable CVR. The CVR will entitle Flexion stockholders to up to an additional $8.00 per share in cash payable (subject to certain terms and conditions) upon achievement of the following milestones:

- $1.00 per share if total calendar year ZILRETTA net sales achieve $250 million;
- $2.00 per share if total calendar year ZILRETTA net sales achieve $375 million;
- $3.00 per share if total calendar year ZILRETTA net sales achieve $500 million;
- $1.00 per share upon U.S. FDA approval of FX201; and
- $1.00 per share upon U.S. FDA approval of FX301.

The milestones associated with each contingent cash payment must be achieved, if at all, on or before December 31, 2030. There can be no assurance any payments will be made with respect to the CVR. The transaction is not subject to any financing condition and Pacira will fund the transaction from its existing cash resources.

Flexion's board of directors unanimously recommends that Flexion's stockholders tender their shares in the tender offer. Additionally, Flexion's directors and executive officers, or their affiliates, have (subject to certain terms and conditions) agreed to tender their shares in the tender offer.

**Timing to Close**

The transaction is anticipated to close during the fourth quarter of 2021, subject to customary closing conditions, including receipt of required regulatory approvals and the tender of a majority of the outstanding shares of Flexion's common stock. Following the successful closing of the tender offer, Pacira will acquire any shares of Flexion that are not tendered in the tender offer through a second-step merger at the same consideration as paid in the tender offer.

**Third Quarter Performance and Guidance Update**

Today Pacira and Flexion are providing the following preliminary unaudited results and updates for the third quarter of 2021. The financial information included in this press release is preliminary, unaudited, and subject to adjustment. It does not present all information necessary for an understanding of either company's financial results for the third quarter or full year 2021.

- EXPAREL net product sales of $121.9 million for the third quarter and $39.7 million for the month of September 2021, compared with $113.7 million and $39.5 million in the prior year, respectively. The number of EXPAREL selling days for the month of September was 21 in both 2021 and 2020. The elective surgery market faced additional pandemic-related challenges in August and September due to regional surges in COVID-19 delta variant cases, staffing shortages, and surgical fatigue from care teams addressing significant procedure backlogs. These variables began to subside in the latter part of September and Pacira expects the fourth quarter to reflect improving market dynamics.
- iovera° net product sales of $4.2 million for the third quarter and $2.3 million for the month of September 2021, compared with $2.7 million and $1.1 million in the prior year, respectively.
- Flexion expects that ZILRETTA net sales were in the range of $21 million to $23 million for the third quarter of 2021. Third quarter 2021 sales were negatively impacted, particularly in the second half of the quarter, by the following primary factors: (a) temporary disruptions from rebate program modifications, (b) pandemic-related challenges, and (c) several unanticipated manufacturing batch failures that led to short-dated ZILRETTA inventory resulting in smaller order sizes by physician practices and product returns from specialty distributors.
- Consistent with Pacira practices, Flexion is withdrawing its ZILRETTA sales guidance for 2021.

**Advisors**

J.P. Morgan Securities LLC acted as financial advisor to Pacira and Perkins Coie LLP is serving as its legal advisor. Lazard acted as lead financial advisor and Goldman Sachs also acted as financial advisor to Flexion. Cooley LLP is serving as Flexion's legal advisor.

* * *

25. It is therefore imperative that Flexion's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

B. **The Materially Incomplete and Misleading Solicitation Statement**

26. On October 22, 2021, Flexion filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

27. The Solicitation Statement omits material information regarding the Company's financial projections and the valuation analyses performed by the financial advisors, the disclosure of which is material because it provides stockholders with a basis to project the future financial performance of the target company, and allows stockholders to better understand the analyses performed by the financial advisor in support of its fairness opinion of the transaction.

28. For the Management Projections (the "Projections") prepared by Company management for Flexion for fiscal years 2021 through 2031, the Solicitation Statement fails to provide what the line items used to calculate EBIT and Unlevered Free Cash Flow.

29. With respect to Lazard's *Analysis of Consideration*, the Solicitation Statement fails to disclose: (i) the basis for applying a discount rate of 6.0%; and (ii) Lazard's estimate of Pacira's cost of debt.

30. With respect to Lazard's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the basis for applying the range of discount rates from 9.0% to 11.0%; (ii) the forecasted unlevered, after-tax free cash flows for fiscal years 2032 through 2042; and (iii) Flexion's weighted average cost of capital.

31. With respect to Lazard's *Selected Precedent Transactions Analysis*, the Solicitation Statement fails to disclose the multiples and metrics of the selected transactions.

32. With respect to Lazard's *Selected Public Companies Analysis*, the Solicitation Statement fails to disclose the multiples and metrics of the selected companies.

33. With respect to Lazard's *Premia Paid Analysis*, the Solicitation Statement fails to disclose the transactions selected for the analysis and the premia of each transaction.

34. With respect to Lazard's *Research Analyst Price Targets* analysis, the Solicitation Statement fails to disclose the Wall Street equity research analysts observed and the corresponding price targets of each research analyst.

35. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer,

Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

36. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

38. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

39. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

40. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

41. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

42. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

43. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

**COUNT II**
**Violations of Section 14(d)(4) of the Exchange Act and**
**Rule 14d-9 Promulgated Thereunder**
**(Against All Defendants)**

44. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

45. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

46. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

47. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

48. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

49. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

50. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

51. The Individual Defendants acted as controlling persons of Flexion within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Flexion, and participation in and/or awareness of the Company's operations and/or

intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Flexion, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

52. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

53. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Flexion, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

54. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

55. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

56. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

57. Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 22, 2021                    **MELWANI & CHAN LLP**

                                           By: /s *Gloria Kui Melwani*
                                           Gloria Kui Melwani (GM5661)
                                           1180 Avenue of Americas, 8th Fl.
                                           New York, NY 10036
                                           Telephone: (212) 382-4620
                                           Email: gloria@melwanichan.com

                                           *Attorneys for Plaintiff*